## LICHTENSTEIN v. STRAUS et al.

(Circuit Court, S. D. New York. July 13, 1908.)

1. **PATENTS (§ 227*)—INFRINGEMENT—PATENTS FOR DESIGNS—DAMAGES.**

Under the provision of Act Feb. 4, 1887, c. 105, § 1, 24 Stat. 387 (U. S. Comp. St. 1901, p. 3398), which makes it unlawful to sell or expose for sale any article of manufacture to which a patented design has been applied without the license of the owner, "knowing that the same has been so applied," and provides that any person violating such provision shall be liable in the amount of $250 and for the profits made by him above such amount, to authorize such recovery, where the defendant was not the manufacturer or person applied such design to the article, it is necessary to prove that he had knowledge of the fact that the design was patented.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 358; Dec. Dig. § 227.*]

2. **PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR HATBAND.**

The Lichtenstein design patent, No. 38,412, for a design for a hatband, *held* valid and infringed; but the infringers *held* not liable for the statutory damages of $250 provided for by Act Feb. 4, 1887, c. 105, § 1, 24 Stat. 387 (U. S. Comp. St. 1901, p. 3398), for selling hats with bands of the patented design thereon, it appearing from the evidence that they had no knowledge of the fact that the design was patented.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit for infringement of letters patent No. 38,412, for a design for a hatband, granted January 15, 1907, to Isaac Lichtenstein. On final hearing.

Joseph L. Levy, for complainant.
Edmund E. Wise, for defendants.

MARTIN, District Judge. The allegations of the complainant are, briefly stated, that the complainant is the sole inventor of a new, original, and ornamental design of an article of manufacture which he describes as a hatband, and that he procured letters patent of said design for the term of seven years from the 15th day of January, 1907, and that he is the owner of said letters patent and entitled to the exclusive use and enjoyment thereof, and that the defendants, "well knowing the facts hereinbefore stated, and against the will of your orator, and in violation of your orator's rights, have been and are now infringing said design letters patent by making, using, and vending hatbands embodying the design shown, described, and claimed in said letters patent; that the defendants were, prior to the commencement of this action, duly notified of your orator's rights in the premises, but they continued to refuse to regard the same"; and, further, that under "said letters patent each and every hatband made by him in accordance with said letters patent was marked with the date of said patent, and that he otherwise complied with the statute in this regard"—and praying for an injunction perpetually restraining the defendants, etc., "from any further construction, sale, use, or embodiment in any manner of the said design covered by the said letters patent, or any part thereof, in violation of your orator's rights as aforesaid, and that the hatbands and material of which said hatbands

were or are made, now in the actual or constructive possession of the defendants, may be delivered up to your orator for destruction," and further praying for an accounting, and further praying that "the defendants pay over to complainant the sum of two and hundred and fifty dollars, as provided for by the statute in such cases made and provided, * * * and to pay over to the complainant all of such income or profits in excess of the sum of two hundred and fifty and no/100 dollars ($250)," etc. There are further prayers in the bill not necessary to refer to.

The defendants in their answer admit their copartnership, do not deny the letters patent, or that the complainant is the sole owner thereof, but deny that the complainant was the sole inventor, or that the same is ornamental. They further deny any infringement, and "deny that said alleged infringement has in any way or manner disturbed or injured the complainant in his enjoyment of any and all of the rights and privileges under said letters patent, or otherwise, or wrongfully caused him any loss or damage, or that these defendants have contrived or intended to injure said complainant in any manner whatsoever; and they furthermore deny that they have at any time or at any place unlawfully made, used, or vended hatbands embodying the design shown, described, and claimed in said letters patent." They especially deny any and all notice of said letters patent or of any goods manufactured by the complainant under said letters patent, or that any goods manufactured by the complainant have been marked with the date of said patent, or that the complainant has otherwise complied with the statute in that regard. They deny that they have enjoyed any gain or profits from the manufacture of sale of articles to which has been applied the design of said patent.

I find from the evidence adduced by the complainant that the defendants sold one hat having a band to which in its manufacture was applied the design of the complainant's letters patent. This hat was sold to a young lady who was and is an employé of the complainant, and who was sent to purchase the same in his interest. It does not definitely appear that the defendants sold any more than this one hat. There is an inference in a letter of the defendants' counsel that three hats were sold. Said letter reads as follows:

"August 13, 1907.

"Dear Sir: I beg to acknowledge receipt of yours of the 12th inst. in the above-entitled matter. You are no doubt aware that, in so far as my clients are concerned, the matter in litigation is very small. Macys bought, I believe, twelve hats, containing what you allege to be an infringement of your client's rights. They had no knowledge of any claim of right on the part of your client, and immediately upon notice, and after the sale of, I think, three hats, the balance were withdrawn. Under the circumstances it occurs to me it would hardly be worth while litigating the rights of the parties in this matter, as Macy & Co. are perfectly willing not to put upon sale the articles that they have bought. In order to avoid spending considerable time over a matter of this kind, I would be very glad to enter into such a stipulation with you. Yours very truly,      Edmund E. Wise."

Said hat was an exhibit in the case. The hatband contained no notice of the patent, and in fact there is nothing to indicate that there is anything about the hat that is patented; neither is there any evidence

that the defendants ever manufactured a hatband upon which was applied the complainant's design, or that they ever sold any hats knowing that the said design had been applied upon any article entering into their makeup. The evidence shows that these hatbands, embodying the design of the patent, were frequently sold and used as belts for ladies wear. The complainant's evidence shows that those belts were marked "Pat. Jan. 15, 1907," but when used as hatbands they were not so marked; but they placed upon the lining of the hat, "Pat. Jan. 15, 1907," but this marking in no wise indicates what it is about the hat that is patented. If it contained a notice of anything, it was that either the lining or the makeup of the hat was patented; nothing about it to indicate that it was the hatband. The band as it is applied to the hat leaves an end loose upon the back of which could easily be applied the statutory notice of the patent. There is no evidence in the case tending to show that any bands manufactured by the complainant, to which his design was applied, when used as a hatband, had affixed thereto the word "Patented," together with the day and year of the patent, or that the character of the article was such that it could not be affixed to it, or that on the package wherein one or more of the manufactured patented articles was inclosed there was any label containing a like notice.

The defendants' answer, denying all knowledge of the patent, is unchallenged by the evidence in the case. Section 4900, Rev. St. (U. S. Comp. St. 1901, p. 3388), provides:

> "It shall be the duty of all patentees and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by affixing thereon the word 'Patented' together with the day and year the patent was granted; or when, from the character of the article this cannot be done, by affixing to it, or to the package wherein one or more of them is enclosed, a label containing a like notice; and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued to make, use, or vend the article so patented."

By section 4933 (U. S. Comp. St. 1901, p. 3399) this section is made applicable to design patents.

Act Feb. 4, 1887, c. 105, § 1, 24 Stat. 387 (U. S. Comp. St. 1901, p. 3398), makes it unlawful for any person other than the owner of a design patent without license to apply the design to articles of manufacture for the purpose of sale; but there is no claim in this case that these defendants have violated that provision. The same act provides that it shall be unlawful for any person to sell any article of merchandise to which such design patent has been applied, "knowing that the same has been so applied." There is no evidence in this case that these defendants knew that the complainant's design patent had been applied to the hats in question. The same act also provides that "any person violating the provisions, or either of them, of this section shall be liable to the amount of $250," etc. This suit is brought to recover said penalty; but from the evidence submitted I hold that the defendants are not shown to be guilty of violating either of said provisions, and therefore the complainant is not entitled to recover said penalty.

166 F.—21

The complainant brought suit against one Clarence M. Phipps, which was recently decided by Judge Ray, sustaining the patent in suit, granting an injunction against the defendants, and holding the defendants liable for the statutory penalty of $250; and he insists that that case is controlling of this. The defendant in that case was the party who manufactured the hatband in question, applied it to hats, and sold it to those defendants with knowledge of the patent. In the opinion of the learned judge there is a statement of the evidence in that case as follows: .

"Prior to or about May 27, 1907, the firm of R. H. Macy & Co. obtained one of these hats, tore out the tip or lining bearing the words 'Pat. Jan. 15th, 1907,' and sent to the defendants, with an order or request that he would make them a dozen like it. He at first demurred, but finally, as Macy & Co. were large customers, consented, and manufactured the hats, and delivered them to R. H. Macy & Co., which firm put them on sale."

In the case at bar no such evidence appears; but, on the contrary, there is a positive denial of any knowledge of the patent on the part of the defendants, and there is no evidence to the contrary. No question is now made as to the validity of the patent. The patent was sustained by Judge Ray, supra, and I concur therein. The evidence in this case shows that the defendants sold hats with hatbands thereon embodying the complainant's patent design. Therefore the defendants were infringers, but without knowledge of the patent.

The complainant's prayer for equitable relief by an injunction order is granted, but without costs to either party.